THURBER, APPELLANT, *v.* OHIO STATE HIGHWAY PATROL, APPELLEE.

(No. 1205 — Decided September 30, 1985.)

*Richard L. Weiner,* for appellant.
*John E. Hykes,* for appellee.

DAHLING, P.J. This is an appeal from the Geauga County Court of Common Pleas in a replevin action for the return of an automobile.

The plaintiff, David Thurber, took an automobile to the State Highway Patrol to obtain a certificate of title pursuant to R.C. 4505.11(D). He presented the salvage certificate of title and bills and receipts for portions of the car. However, during the inspection, the inspecting officer discovered that the whole rear body assembly had been replaced from the windshield back. Plaintiff stated that he had forgotten that he had replaced this and was not able to produce a receipt for it. He later produced a receipt for the rear clip, but it contained no identification numbers or value of the parts to demonstrate the origin of the rear clip as required by R.C. 4505.11(D).

Consequently, the Ohio State

Highway Patrol filed a falsification charge under R.C. 2921.13(A) against plaintiff in Chardon Municipal Court. He eventually pled guilty to the charge and was sentenced. The vehicle was impounded by the appellee pursuant to R.C. 2933.41(C)(1) and (C)(2).

Plaintiff initiated a replevin action seeking recovery of the automobile. Plaintiff was never charged with or accused of receiving stolen property. The court ordered that plaintiff was entitled to the vehicle except for the rear clip. Plaintiff has now appealed to regain possession of the entire automobile.

### Assignment of Error No. I

"1. The trial court erred to the prejudice of the plaintiff-appellant in ruling, without proper evidence submitted at trial, that plaintiff-appellant committed the crime of receiving stolen property, and applied the wrong burden of proof to do so. * * * "

This assignment of error is without merit. This was a civil case, not a criminal case. No charges have ever been filed against the plaintiff for any theft offense relating to the automobile. The state made no argument that plaintiff was guilty of receiving stolen property.

Judge Veit, as the trier of facts, heard all the evidence and concluded that "the plaintiff knew, or had reasonable grounds to believe, that the rear clip installed by Hall had been obtained through the commission of a theft offense." The court did not find plaintiff guilty of receiving stolen property and plaintiff was never accused of or charged with receiving stolen property.

### Assignment of Error No. II

"II. The trial court erred to the prejudice of the plaintiff-appellant by allowing defendant-appellee to retain custody of plaintiff-appellant's personal property after it was no longer needed as evidence and without probable cause to hold it in violation of the search and seizure clause of the Fourth Amendment to the United States Constitution. * * * "

This assignment of error is without merit.

The automobile was originally confiscated as evidence in plaintiff's falsification charge. The charge is no longer pending and the vehicle is no longer needed as evidence. However, plaintiff has not proven ownership of the rear clip.

R.C. 2933.41(A) stated (see 139 Ohio Laws, Part I, 1337):

"Property that has been lost, abandoned, stolen, or lawfully seized or forfeited, and that is in the custody of a law enforcement agency, shall be safely kept pending the time it is no longer needed as evidence, and shall be disposed of pursuant to this section."

R.C. 2933.41(C)(2) further provided that (see 139 Ohio Laws, Part I, 1338):

"(C) A person loses any right he may have to possession of property:

" * * *

"(2) When, in light of the nature of the property or the circumstances of such person, it is unlawful for him to acquire or possess it."

7 Ohio Jurisprudence 3d (1978) 118, Automobiles and Other Vehicles, states in part:

"The Code prohibits and penalizes the procuring, passing, or attempting to procure or pass, a certificate of title or assignment thereof to a motor vehicle known to have been stolen. Every sheriff, chief of police, constable, state highway patrolman, or designated officer of the Department of Highway Safety, having knowledge of a stolen motor vehicle, must immediately furnish the Registrar of Motor Vehicles with full information concerning such theft. * * *" (Footnotes omitted.)

Plaintiff was entitled to possess only

those parts of the vehicle of which he could prove ownership.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD and COOK, JJ., concur.